5           UNITED STATES DISTRICT COURT
6           EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 7  DANIEL P. MELVILLE and<br>MARY R. MELVILLE, | NO: 2:17-CV-30-RMP |
| 8  Plaintiff, | |
| 9  v. | ORDER GRANTING IN PART AND<br>DENYING IN PART DEFENDANTS'<br>MOTIONS TO DISMISS |
| 10 THE BANK OF NEW YORK<br>MELLON CORPORATION a/k/a<br>11 THE BANK OF NEW YORK AS<br>TRUSTEE FOR CITICORP<br>12 MARTGAGE SECURITIES<br>TRUST SERIES 2007-6; CHASE<br>13 HOME FINANCE; JP MORGAN<br>CHASE BANK NATIONAL<br>14 ASSOCIATION; NORTHWEST<br>TRUSTEE SERVICES INC; and<br>15 QUALITY LOAN SERVICE CORP<br>OF WASHINGTON, | |
| 16 Defendants. | |

BEFORE THE COURT are two motions to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 5, 21. The first was filed by Northwest Trustee Services, Inc. ("NWTS"), ECF No. 5, and the second was filed by The Bank of New York Mellon Corporation ("Bank of New York"), Chase Home

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 1

Finance, and JP Morgan Chase Bank National Association ("JP Morgan Chase Bank"), ECF No. 21. Quality Loan Service Corporation of Washington ("QLS") filed a joinder to the motion to dismiss filed by Bank of New York, Chase Home Finance, and JP Morgan Chase Bank. ECF No. 24. Both motions to dismiss address Plaintiffs' January 23, 2017, complaint alleging that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et al., and converted Plaintiffs' property. ECF No. 1. The Court has reviewed all the pleadings relevant to the Fed. R. Civ. P. 12(b)(6) issue currently before the Court and is fully informed.

## BACKGROUND

Plaintiffs, a married couple, bring this mortgage-related case after their home was sent into foreclosure proceedings. They make the following allegations in their complaint. On December 19, 2007, Plaintiffs executed a promissory note, secured by a Deed of Trust, to Cherry Creek Mortgage Co., Inc. with Stewart Title serving as trustee. ECF No. 1-1 at 11-21. Plaintiffs allege that no parties outside the originally appointed beneficiary, Cherry Creek Mortgage Co., and trustee, Stewart Title, were identified as having any interest in the Deed of Trust, and the Deed of Trust was never transferred or assigned to any party and "there is no evidence anywhere of any transfers or assignments of this instrument."[1] ECF No. 1. Plaintiffs also allege that

---

[1] The Court does not accept this allegation as true because the exhibits that Plaintiffs attached to the original complaint contradict this allegation. These

Defendants acquired personal and banking information belonging to Plaintiffs and a forged copy of Plaintiffs' promissory note.

Plaintiffs allege that in the twelve months prior to filing the complaint, Defendants began sending written communications stating that they had legal rights to the property under the Deed of Trust. Plaintiffs asked Defendants to provide some verification that they had these rights and requested that Defendants identify the source of their knowledge of Plaintiffs' financial information. Plaintiffs allege that Defendants failed to respond to any of these requests besides providing copies of records from the county recorder's office. ECF No. 1.

The relative positions of the Defendants are as follows. According to the unrecorded Notice of Trustee's Sale, Cherry Creek Mortgage Co. transferred its beneficiary interest in the Deed of Trust to JPMorgan Chase Bank. ECF No. 1-1.

---

exhibits included a Notice of Trustee's Sale which sets forth that Cherry Creek Mortgage's interest was assigned to JPMorgan Chase Bank, loan statements from Chase Bank, and a Securitization Audit identifying Chase Mortgage Finance Trust Series 2007-S6, Chase Home Finance, JP Morgan Chase Bank, and The Bank of New York as participants to a possible securitization of the Deed of Trust. ECF No. 1-1. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (The court is "not . . . required to accept as true allegations that contradict exhibits attached to the Complaint.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTIONS TO DISMISS ~ 3

According to a securitization audit submitted by Plaintiffs, the Deed of Trust may have been securitized with Chase Home Finance acting as the sponsor and seller, Chase Mortgage Finance acting as Depositor, Chase Mortgage Finance Trust Series 2007-S6 acting as the issuing entity, the Bank of New York acting as trustee, and JPMorgan Chase Bank as servicer. ECF No. 1-1 at 81-102.

According to NWTS, it acted as a successor trustee on the Deed of Trust. ECF No. 5 at 2. Likewise, NWTS alleges that QLS was appointed successor trustee under the Deed of Trust. ECF No. 5 at 3. QLS sent correspondence to Plaintiffs as the successor trustee. ECF Nos. 1-1 at 25-27.

Plaintiffs specifically bring ten claims for relief: counts (1)-(5) allege that each Defendant violated provisions of the FDCPA, including 15 U.S.C. §§ 1692e and 1692g; and counts (6)-(10) each allege that each Defendant converted Plaintiffs' property.

## JURISDICTION

This Court has subject matter jurisdiction over the FDCPA claims under 28 U.S.C. § 1331 and over the conversion claims under 28 U.S.C. § 1367.

## STANDARD

The Federal Rules of Civil Procedure allow for the dismissal of a complaint where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to this rule "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In

reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall*, 629 F.3d at 998 (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While specific legal theories need not be pleaded, the pleadings must put the opposing party on notice of the claim. *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs are not required to establish a probability of success on the merits, but they must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] [p]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**Documents the Court Considers**

Generally, a district court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion to dismiss. *Lee v. City of L.A.*, 250 F.3d 668, 688

(9th Cir. 2001). However, the Ninth Circuit has carved out limited exceptions to this rule. First, a court may consider material properly submitted as part of the complaint. *Id.* Second, a court may consider documents that are not physically attached to the pleading if their contents are alleged in the complaint and no party questions their authenticity. *Id.* Third, under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record. *Id.* at 688-89; see also *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)).

Rule 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "A trial court may presume that public records are authentic and trustworthy," *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999), and thus, falls under Rule 201. *See also Allshouse v. Caliber Home Loans, Inc.*, No. CV1401287DMGJCX, 2014 WL 12594210, at *3 (C.D. Cal. Oct. 29, 2014) ("Courts routinely take judicial notice of assignments of deed of trust and similar recorded documents" in motions to dismiss.).

Based on the above authority, this Court considers the documents Plaintiffs attached to their original complaint. Defendants also ask the Court to consider filings from Plaintiff Mary Melville's Chapter 13 Bankruptcy, Case No. 14-02203-FPC. ECF Nos. 5, 21, 24. This Plan is attached to Defendants' motions, ECF Nos.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 6

5-1, 22, and can be considered by the Court. Additionally, Defendant NWTS asks the Court to take judicial notice of Instrument Nos. 6244607, 6255008, and 6535025 recorded with the Spokane County Auditor. ECF No. 5. However, these documents are not attached for the Court's review. Therefore, the Court is unable to rely on their content for the purpose of the motion to dismiss.

### FDCPA Claims

Plaintiffs allege that all five Defendants violated the FDCPA in their actions to foreclose on the property, specifically alleging violations of 15 U.S.C. §§ 1692e and 1692g. ECF No. 1. Section 1692e speaks to false representation by debt collectors and 1692g requires debt collectors to respond to consumers' requests for information concerning debts.

The FDCPA subjects "debt collectors" to civil damages for engaging in certain abusive practices while attempting to collect debts. *See* 15 U.S.C. §§ 1692d–f, 1692k. The statute defines a "debt collector" as any entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due [to] another." 15 U.S.C. § 1692a(6). Debt is defined as an "obligation . . . of a consumer to pay money." § 1692a(5). The Ninth Circuit has held that actions taken to facilitate a non-judicial foreclosure are not attempts to collect a "debt" as the term is defined by the FDCPA and trustees are not "debt collectors" under the FDCPA. *Ho v. ReconTrust Company, NA*, 858 F.3d 568, 571-72 (9th Cir. 2016). The Circuit further clarified that trustees engaged solely in the enforcement

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 7

of a security interest, and not in debt collection, are only subject to 15 U.S.C. § 1692f(6) rather than the full scope of the FDCPA. *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 989-90 (9th Cir. 2017).

**1.  Motion to Dismiss filed by NWTS**

NWTS filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that its role as a trustee precluded it from being subject to the FDCPA. ECF No. 5 at 5-7. NWTS is accurate that under *Ho* its role as a trustee exempts it from most liability under the FDCPA. However, as *Mashiri* clearly stated, trustees acting in nonjudicial foreclosure proceedings are still subject to liability under 15 U.S.C. 1692f(6).

Plaintiffs allege that NWTS had no enforceable right or interest that allowed it to proceed with the nonjudicial foreclosure proceedings. ECF No. 1 at 18-19. These allegations fall under 15 U.S.C. § 1692f(6), which specifically states that a "[t]aking or threatening to take any nonjudicial action to effect disposition or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest" is a violation of the FDCPA. While Plaintiffs, acting pro se, fail to allege a violation of 15 U.S.C. § 1692f(6), ECF No. 1, the Court must construe their complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011).

The Court cannot take judicial notice of any documents in the record that show the trusteeship under the Deed of Trust being transferred to NWTS, as NWTS

alleges, because the alleged recorded documents were not attached for the Court's review. ECF No. 5. Therefore, Plaintiffs' claims against NWTS under 15 U.S.C. §§ 1692e and 1692g are dismissed. However, the Court finds that Plaintiffs have alleged facts supporting a claim against NWTS under 15 U.S.C § 1692f(6). Therefore, NWTS's motion to dismiss must be denied as to this claim.

**2.      Motion to Dismiss filed by the remaining defendants.**

The remaining defendants, Bank of New York, Chase Home Finance, and JP Morgan Chase Bank, filed a separate motion to dismiss, ECF No. 21, and QLS joined their motion, ECF No. 24. First, these Defendants allege that the FDCPA claims are time barred. The FDCPA has a one year statute of limitations on bringing actions for violations. 15 U.S.C. § 1692k(d).

Here, Plaintiffs filed their complaint on January 23, 2017, alleging that "[w]ithin the previous twelve months, the defendant began sending written communications to plaintiff stating that it was representing various parties having rights under the same trust deed." ECF NO. 1. This would be a potential violation of § 1692e. Plaintiffs allege that a copy of these written communications were attached to the complaint. *Id*. The documents attached to the complaint include a Notice of Trustee's Sale and a Notice of Foreclosure dated September 22, 2016; a Notice to Occupant of Pending Acquisition dated October 31, 2016; a Debt Validation Notice dated September 2, 2016; and loan statements dated October 17, 2016, and November 16, 2016. ECF No. 1-1. All these documents are dated within

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 9

twelve months prior to the filing of the complaint. Therefore, any claims associated with the sending of these documents as violating § 1692e are not time-barred.

The complaint also alleges that Plaintiffs sent communications requesting information from Defendants, and Defendants failed to respond to these requests. ECF No. 1. This would be an alleged violation of § 1692g. Plaintiffs do not allege all of these written requests for information were attached to the complaint. *Id*. There were several letters from Plaintiffs to Defendants requesting information attached to the complaint, and these requests were dated in 2015. ECF No. 1-1. Since the requests attached to the complaint are more than a year prior to the filing of the complaint, any claims arising out of Defendants' failure to respond would be time-barred. However, Plaintiffs allege that they made requests for information within the twelve months leading up to filing the complaint. ECF No. 1. Without more information, such as the dates of the requests, Plaintiffs' allegation fails to meet the factual sufficiency required to survive a 12(b)(6) challenge under *Iqbal* and *Twombly*. *See supra*. As such, Plaintiffs' claims against these Defendants under § 1692g are dismissed.

Second, Defendants allege that the FDCPA does not apply because they acquired an interest in the Deed of Trust prior to Plaintiffs' defaulting on the property. Defendants allege that "[a]n entity who obtains its interest in a debt when the debt is not in default is not a debt collector for purposes of the FDCPA." ECF No. 21 at 11 *citing De Dios v. Int'l Realty & Investments*, 641 F.3d 1071, 1074 (9th

Cir. 2011). However, as addressed above, Plaintiffs are alleging that Defendants have no right to proceed with the nonjudicial foreclosure, subjecting them to liability under 15 U.S.C. §1692f(6).

The record contains no documents on which the Court can rely to show that Defendants had the right to proceed with the nonjudicial foreclosure. Defendants cite to the securitization audit as evidence that their interests attached in 2009. ECF No. 21 at 11. However, the securitization audit puts legal ownership of these interests in doubt, calling the title "irreparably defective." ECF No. 22 at 118. As such, the issue of Defendants' interests under the Deed of Trust is a factual issue that cannot be resolved in a motion to dismiss.

Third, Defendants assert that the FDCPA does not apply to foreclosure under *Ho*. ECF No. 21 at 11. However, as discussed in *Mashiri*, the court in *Ho* only exempted trustees acting in nonjudicial foreclosure proceedings from liability under the majority of the FDCPA, and retained liability for trustees under 15 U.S.C. §1692f(6). 845 F.3d at 990. New York Bank, JPMorgan Chase Bank, and Chase Home Financial were not acting as trustees. Therefore, they are still subject to potential liability under the FDCPA, and the remaining FDCPA claims against them cannot be dismissed on a Fed. R. Civ. P. 12(b)(6) motion. QLS was acting as a trustee. Therefore, the remaining claims under §1962e against QLS are dismissed, but not the claims under §1962f(6).

## Conversion

Plaintiffs also allege that Defendants converted their property. ECF No. 1. All Defendants uniformly challenge Plaintiffs' claims of conversion. ECF Nos. 5, 21, 24. The Washington Supreme Court has found that conversion is "rooted in the common law action of trover and occurs when a person intentionally interferes with chattel belonging to another." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wn.2d 611, 609 (2009). Chattel is "[m]ovable or transferable property" and a chattel personal is a "tangible good or an intangible right (such as a patent)." *In re Marriage of Langham and Kolde*, 153 Wn.2d 553, 565-66 (2005) *citing Black's Law Dictionary* 251 (8th ed. 2004).

It is unclear if Plaintiffs' allegations of conversion concern their property interest in the use of their names and personal information, which Defendants refer to as "publicity," or the real property subject to the deed of trust. *Id*.; ECF No. 21 at 17-18. Plaintiffs cite to Revised Code of Washington § 63.60.010, which makes the use of a person's name, voice, signature, photograph, or likeness a property right. However, Plaintiffs have not alleged facts supporting their conclusion that Defendants made any unauthorized use of this information. Plaintiffs do not challenge that they entered into a contract when they executed the Deed of Trust in 2007. ECF No. 1. This contract allowed the individual or entity holding the beneficial interest or serving in the role of trustee to take specific action upon default, including foreclosure. ECF No. 1-1 at 11-17. What is in question is

whether Defendants legally hold the beneficial interest or legally serve in the role of trustee under said contract.  This Court refuses to equate enforcement of a contract to unauthorized use of a party's name or personal information.  As such any claims that Defendants made any unauthorized use of Plaintiffs' names or personal information in the foreclosure proceedings are dismissed with prejudice.

Plaintiffs also refer to the property subject to conversion as the real property which was foreclosed.  ECF No. 1 at 31-47.  However, under the definition of conversion, *see supra*, real property cannot be converted.  As such any of Plaintiffs' claims that Defendants converted the real property are dismissed with prejudice.

### Claims by Mary Melville

Defendants the Bank of New York Mellon, JP Morgan Chase Bank, Chase Home Finance, and QLS allege that Plaintiff Mary Melville is precluded from asserting her claims through the principle of judicial estoppel due to her bankruptcy.  ECF Nos. 21, 24.

Plaintiff Mary Melville filed a Chapter 13 bankruptcy petition in June of 2014.  ECF No. 22.  She filed Chapter 13 Plans in July of 2014 and May of 2015, amended bankruptcy schedules in September 2014, and a modification of the confirmed Plan on February 21, 2017.  ECF No. 22.  Mary Melville did not claim any cause of action against Defendants as an asset in either her original or amended schedules.  *Id*.  Mary Melville alleges that Defendants' actions giving rise to liability under the FDCPA all took place in the twelve months prior to the January 23, 2017,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 13

filing of the complaint. ECF No. 1. Therefore, all the alleged actions giving rise to any FDCPA liability occurred after the filing of the bankruptcy case and schedules, with the exception of the last modification to the Chapter 13 Plan which was filed in February of 2017. ECF No. 22 at 97.

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position and later seeking an advantage by asserting an inconsistent position. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The Supreme Court has provided three factors that courts may consider in determining whether to apply judicial estoppel: (1) whether the party's position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading the prior court to accept its earlier position or whether the earlier court was misled; and (3) whether the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 782-83 (2001). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton*, 270 F.3d at 783.

First, Defendants assert that Mary Melville was aware of the potential FDCPA claims because she filed previous, similar suits against Bank of New York in May of 2014, and JP Morgan Chase Bank and Chase Home Finance in 2011, and did not list such claims as assets in any of her bankruptcy filings. ECF No. 21. Mary Melville

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 14

alleges that the actions violating the FDCPA took place in the twelve months prior to the January 2017 filing of the complaint. ECF No. 1. As such, Mary Melville could not have been aware of claims that did not arise until 2016, after her 2014 bankruptcy petition or her subsequent filings of the Chapter 13 Plans in July of 2014 and May of 2015, or the amended bankruptcy schedules in September 2014. In addition, the Bankruptcy Code subjects debtors to a continuing duty to disclose all pending and potential claims. *Hamilton*, 270 F.3d at 785 ("The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding.").

While there is no evidence that Mary Melville has attempted to amend her filings to reflect the newly arising causes of action, the bankruptcy case is still open, and she has not received a discharge from her debts. Therefore, the pertinent question is whether a bankruptcy petitioner is granted an unfair advantage when she maintains inconsistent stances in simultaneous litigation. However, the Court need not determine whether Mary Melville's failure to list the claims as assets triggers judicial estoppel, because the surrendering of her interest in the real property under her confirmed Chapter 13 Plan clearly does.

As part of her Plan, Mary Melville surrendered her interest in the real property to the creditors Spokane County Treasurer and Chase Mortgage.[2]  ECF No. 22 at 77.  Surrender of collateral securing a creditor's claim by Chapter 13 debtor does not transfer ownership of the surrendered property; rather, "surrender" means only that debtor will make the collateral available, so that a secured creditor can, if it so chooses, exercise its state law rights in the collateral.  *In re Rosa*, 495 B.R. 522, 523 (Bankr. D. Haw. 2013).  As such, judicial estoppel precludes Mary Melville from filing a FDCPA challenge against Chase Mortgage asserting that Chase Mortgage had no interest to take the property, while simultaneously surrendering the property in her Chapter 13 Plan, essentially telling Chase Mortgage to come and take the property.  As such, Mary Melville is judicially estopped from asserting claims against Chase Mortgage, and all parties acting on behalf of Chase Mortgage's interest, for actions associated with the nonjudicial foreclosure proceedings.

/ / /

/ / /

---

[2] Plaintiff failed to allege the secured creditor in more specific terms, i.e. JPMorgan Chase or Chase Home Finance.  While this does not make clear which of the Defendants she surrendered the property to, it is evidence that she acknowledges the debt and that an entity associated with Chase Mortgage has the legal right to reclaim the collateral.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 16

## RECORDED DOCUMENTS

It appears that documents recorded with the Spokane County Auditor, but not attached to these pleadings, may support a motion to dismiss or a motion for summary judgment of the surviving claims. As such, the Court gives Defendants leave to renew their motions so as to bring these documents before the Court.

**THEREFORE, IT IS SO ORDERED**:

1. **ECF No. 5** is **GRANTED in part** and **DENIED in part** consistent with this Order;

2. **ECF No. 21** is **GRANTED in part** and **DENIED in part** consistent with this Order.

3. Plaintiffs' claims against NWTS under §1692e and §1962g are dismissed for failure to state a claim, with prejudice, because a trustee cannot be subject to §1692e and §1962g;

4. All conversion claims against all Defendants are dismissed for failure to state a claim. All conversion claims regarding real property are dismissed, with prejudice, because real property is not subject to conversion;

5. All FDCPA claims by Mary Melville against New York Bank, JPMorgan Chase Bank, Chase Home Financial, and QLS under the FDCPA are dismissed for failure to state a claim, , as she already has surrendered her interests to "Chase Mortgage";

6. David Melville's claims against New York Bank, JPMorgan Chase Bank, Chase Home Financial, and QLS are dismissed under §1692g for failure to state a claim but with leave to amend with more specificity;

7. David Melville's claims against QLS under §1692e and §1692g are dismissed for failure to state a claim, with prejudice, as he cannot bring these claims against a trustee.

8. Defendants' motions to dismiss are denied in reference to the following claims: Mary Melville's § 1692f claim against NWTS; David Melville's § 1692e claim against Bank of New York, Chase Home Finance, and JPMorgan Chase Bank; and David Melville's § 1692f claim against all Defendants.

9. Within thirty (30) days of this Order, Defendants can renew their motions to dismiss the surviving FDCPA claims or may later file a motion for summary judgment.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, and provide copies to counsel.

**DATED** September 21, 2017.

*s/ Rosanna Malouf Peterson*
ROANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS ~ 18