FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL P. MELVILLE and MARY R. MELVILLE,<br><br>                Plaintiffs,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON CORPORATION, also known as The Bank of New York as Trustee for Citicorp Mortgage Securities Trust Series 2007-6; CHASE HOME FINANCE; JP MORGAN CHASE BANK NATIONAL ASSOCIATION; NORTHWEST TRUSTEE SERVICES, INC; and QUALITY LOAN SERVICE CORP OF WASHINGTON,<br><br>                Defendants. | NO:  2:17-CV-30-RMP<br><br>ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW AS COUNSEL |

BEFORE THE COURT is a motion for summary judgment by Northwest Trustee Services, Inc. ("NWTS"), ECF No. 35, and a motion to withdraw as counsel

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW AS COUNSEL ~ 1

by NWTS's counsel Janaya L. Carter, ECF No. 54. Having reviewed the filings pertaining to both motions, the remaining record, and the relevant law, the Court grants both motions.

**BACKGROUND**

This Court previously granted in part and denied in part NWTS's motion to dismiss Plaintiffs' claims against that entity for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6). ECF No. 30. NWTS subsequently moved for summary judgment on the only claims remaining by Mr. Melville and Ms. Melville under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692f. In moving for summary judgment, NWTS made new arguments that it is not a "debt collector" for purposes of liability under FDCPA's section 1692f and that Plaintiffs cannot challenge the foreclosure of the property after it was surrendered as part of a confirmed Chapter 13 bankruptcy plan. ECF No. 35. NWTS also filed documents that were not before the Court for purposes of the earlier motion to dismiss: (1) an "Appointment of Successor Trustee" document vesting NWTS with the powers of the trustee that was recorded with the Spokane County Auditor on September 3, 2013; and (2) a sworn declaration dated August 28, 2013, that Defendant JP Morgan Chase Bank, National Association, was the holder of the note pertaining to Plaintiffs' property. ECF Nos. 36 at 2; 38-5; 38-6.

After NWTS filed its motion for summary judgment on October 12, 2017, the Court issued a notice to Plaintiffs, as pro se litigants, regarding the need to respond to the summary judgment to avoid potential entry of summary judgment in the moving party's favor. ECF No. 39. The Court's notice further explained in detail the requisite format and components of a response to a summary judgment motion. *See id*.

Plaintiffs did not participate in the scheduling conference in this matter on November 2, 2017. Following the conference, the Court notified Plaintiffs in its scheduling order that a consequence of continued non-participation or non-compliance with Court orders could be dismissal of their lawsuit. ECF No. 42 at 2.

In a letter to the Court received on November 20, 2017, Plaintiff Mr. Melville represented that he had been particularly busy with Plaintiffs' real estate development business and had experienced problems receiving mail. The Court extended the Plaintiffs' opportunity to respond to the summary judgment motion until December 11, 2017, and directed the Clerk's Office to provide a copy of the Court's Order to Plaintiffs at their e-mail address in addition to their mailing address. ECF No. 53.

However, Plaintiffs still did not respond to NWTS's summary judgment motion. To date, Plaintiffs have not filed a waiver to receive court documents electronically nor filed a motion for leave to obtain a login and password to file

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW AS COUNSEL ~ 3

documents through the Electronic Case Filing ("ECF") system, which the Court encourages.

In addition, counsel for NWTS, Janaya Carter, filed a motion to withdraw as attorney for the entity on December 5, 2017, stating that that the firm that employed her was closing all of its offices and terminating her employment effective December 12, 2017. ECF No. 54 at 1–2. Ms. Carter further represented that NWTS had been informed of the consequences of the proposed withdrawal from representation, and her client consented to the withdrawal. *Id.* at 2. Ms. Carter provided a mailing address and phone number for NWTS "General Counsel." *Id.*

## DISCUSSION

In resolving NWTS's earlier motion to dismiss, the Court liberally construed Plaintiffs' complaint to claim that NWTS violated the FDCPA by pursuing nonjudicial foreclosure without a contemporaneous right to possession of property claims as collateral through an enforceable security interest. ECF No. 30 at 8; *see* 15 U.S.C. § 1692f(6). Specifically, the Court declined to dismiss Plaintiffs' § 1692f(6) claims against NWTS because no documents demonstrating that trusteeship under the Deed of Trust had been transferred to NWTS, as NWTS alleged, were then cognizable to the Court. *Id.* NWTS provided those documents to the Court at the summary judgment stage, ECF No. 38-6, thereby remedying the

ORDER GRANTING DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO WITHDRAW AS COUNSEL ~ 4

earlier impediment to dismissal of the remaining claims against NWTS. Therefore, the Court finds that summary judgment is appropriate.

With respect to withdrawal as counsel, the Court finds that good cause supports the Court's approval of Ms. Carter's motion pursuant to Local Rule 83.2(d)(4).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant NWTS's Motion for Summary Judgment, **ECF No. 35**, is **GRANTED**.
2. Plaintiffs' FDCPA claims against NWTS are **dismissed with prejudice**.
3. The District Court Clerk is directed to **enter Judgment for Defendant NWTS**.
4. NWTS's counsel's Motion to Withdraw as Counsel, **ECF No. 54**, is **GRANTED**. Ms. Carter shall be terminated as counsel for NWTS, and the address for in-house counsel provided in ECF No. 54 shall be entered into ECF to update the contact information for NWTS. NWTS is reminded that Local Rule 83.6 provides that a corporation may not proceed *pro se*, so a Notice of Appearance by substituted counsel would be necessary before NWTS appears again in this action in any manner.

The District Court Clerk is directed to enter this Order, provide copies to counsel, to NWTS at the updated address provided at ECF No. 54 at 2, and to Plaintiffs, and **terminate NWTS** as a Defendant in this case.

**DATED** January 10, 2018.

                                       *s/ Rosanna Malouf Peterson*
                                       ROSANNA MALOUF PETERSON
                                          United States District Judge