FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL P. MELVILLE and MARY R. MELVILLE,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>THE BANK OF NEW YORK MELLON CORPORATION, also known as The Bank of New York as Trustee for Citicorp Mortgage Securities Trust Series 2007-6; CHASE HOME FINANCE; JP MORGAN CHASE BANK NATIONAL ASSOCIATION; NORTHWEST TRUSTEE SERVICES, INC; and QUALITY LOAN SERVICE CORP OF WASHINGTON,<br><br>　　　　Defendants. | NO: 2:17-CV-30-RMP<br><br>ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS JPMORGAN CHASE BANK, N.A., AND THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE |

BEFORE THE COURT is a motion for summary judgment, ECF No. 45, by

Defendants Bank of New York Mellon Trust Company, N.A., as Trustee, sued as

ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS JPMORGAN
CHASE BANK, N.A., AND THE BANK OF NEW YORK MELLON TRUST
COMPANY, NA, AS TRUSTEE ~ 1

"The Bank of new York Mellon Corporation, f/k/a The Bank of New York as Trustee for Citicorp Mortgage Securities Trust Series 2007-6" ("BNY Mellon Trustee"), and JPMorgan Chase Bank, N.A. ("Chase").[1] Plaintiff Daniel Melville[2] did not respond to the motion. Having reviewed Defendants' motion and reply, the remaining record, and the relevant law, the Court grants Defendants' motion for the reasons that follow.

## BACKGROUND

This Court previously granted in part and denied in part the Chase and BNY Mellon Trustee Defendants' motion to dismiss Plaintiffs' claims against those entities for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6). ECF No. 30. The Court dismissed Plaintiffs' conversion claims as to all Defendants and all of Ms. Melville's claims against Chase based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, . The Court granted Mr. Melville leave to amend a deficient FDCPA claim under § 1692g, an opportunity that Mr. Melville did not take, and the Court found that Mr. Melville had stated plausible claims against Chase under §§1692e and 1693f. ECF No. 30 at 18.

---

[1] Chase succeeded named Defendant Chase Home Finance, LLC, following a merger on May 1, 2011, at which point Chase Home Finance, LLC, ceased to exist. ECF No. 47 at 2.

[2] Plaintiff Mary Melville's claims were dismissed in their entirety against the remaining Defendants.

Plaintiffs repeatedly have failed to participate in this case, even after the Court expressly warned Plaintiffs, on several occasions, of the potential consequences of failure to participate, respond to pleadings, or abide by Court orders. Namely, Plaintiffs did not participate in the scheduling conference in this matter on November 2, 2017. Following the conference, the Court notified Plaintiffs in its scheduling order that a consequence of continued non-participation or non-compliance with Court orders could result in dismissal of their lawsuit. ECF No. 42 at 2.

In a letter to the Court received on November 20, 2017, Plaintiff Mr. Melville represented that he had been busy with Plaintiffs' real estate development business and had experienced problems receiving mail. The Court extended the Plaintiffs' opportunity to respond to the summary judgment motion of former Defendant Northwest Trustee Services, Inc. ("NWTS") until December 11, 2017, and directed the Clerk's Office to provide a copy of the Court's Order to Plaintiffs at their e-mail address in addition to their mailing address. ECF No. 53. To date, Plaintiffs have not filed a waiver to receive court documents electronically nor filed a motion for leave to obtain a login and password to file documents through the Electronic Case Filing ("ECF") system. Even with the extended timeframe, Plaintiffs still did not respond to NWTS's summary judgment motion, and the Court granted that motion on its merits on January 10, 2018, dismissing NWTS as a Defendant.

The instant motion was set for hearing after Plaintiffs should have received the order granting summary judgment to co-Defendant NWTS, which noted Plaintiffs' failure to respond to that motion. In addition, the Court twice has issued a notice to Plaintiffs, as pro se litigants, regarding the need to respond to motions for summary judgment to avoid potential entry of summary judgment in the moving party's favor. ECF Nos. 39 and 52. The Court's notice further explained in detail the requisite format and components of a response to a summary judgment motion. *See id*. However, Plaintiffs did not file any response to Defendants' summary judgment motion and have not otherwise participated in this action since Mr. Melville's November 2017 letter.

Defendants urge in their reply that Plaintiff Mr. Melville's failure to respond should be read as a concession regarding the merits of Defendants' summary judgment motion. ECF No. 55 at 2. In addition, Defendants submit documents that were not before the Court at the time it resolved the prior motions to dismiss, and provide additional factual support for their legal arguments. ECF Nos. 47, 48, and 49.

Local Rule 7.1(d) provides that "failure to comply" with the District's rules of motion practice "may be deemed consent to the entry of an Order adverse to the party who violates these rules." Nevertheless, the Court has analyzed the motion on its merits, and finds that Defendants' motion should be granted on its merits.

ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS JPMORGAN CHASE BANK, N.A., AND THE BANK OF NEW YORK MELLON TRUST COMPANY, NA, AS TRUSTEE ~ 4

The Melvilles obtained a mortgage in December 2007. Shortly after origination of the loan, the mortgage lender indorsed the promissory note to Chase in 2008. Plaintiffs had not defaulted on the promissory note when Chase began servicing it; rather, Plaintiffs stopped making payments on the loan in November 2011. Chase referred the loan for foreclosure to NWTS in September 2013. The Melvilles' loan is not and was never securitized or deposited in Chase Mortgage Finance Trust Series 2007-S6, for which BNY Mellon serves as Trustee, and BNY Mellon submits evidence that they would have had no reason to contact Plaintiffs and have no record of any contact.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As a matter of law, Plaintiffs' FDCPA claims against Defendants may succeed only if Defendants were acting as "debt collectors" under the statute. *See Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964 (9th Cir. 2017); *see also* 15 U.S.C. § 1692c(a)(2). The FDCPA defines a debt collector as "(1) a person whose <u>principal purpose</u> is to collect debts; (2) a person who <u>regularly</u> collects debts <u>owed to another</u>; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016). (rephrasing 15 U.S.C. § 1692a(6) for clarity)

(emphasis in original). Defendants demonstrate that Chase was not interacting with Plaintiffs as a "debt collector" under the FDCPA, and BNY Mellon Trustee was not interacting with Plaintiffs at all. Therefore, summary judgment dismissal is appropriate of Plaintiff Mr. Melville's remaining claims against Defendants Chase and BNY Mellon Trustee.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Chase and BNY Mellon Trustee's Motion for Summary Judgment, **ECF No. 45**, is **GRANTED**.
2. Plaintiffs' FDCPA claims against Chase and BNY Mellon Trustee are **dismissed with prejudice**.
3. The District Court Clerk is directed to **enter Judgment for Defendants Chase and BNY Mellon Trustee**, named on the Complaint as "The Bank of New York Mellon Corporation, also known as The Bank of New York as Trustee for Citicorp Mortgage Securities Trust Series 2007-6"; "Chase Home Finance"; and "JP Morgan Chase Bank National Association."

The District Court Clerk is directed to enter this Order and provide copies to counsel and to Plaintiffs.

**DATED** March 1, 2018.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          United States District Judge